**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DURRELL SIMS,**

    **Plaintiff,**

vs.                                                      **Case No. 4:16cv49-WS/CAS**

**JULIE L. JONES,
SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a civil rights complaint alleging that the Defendant's policy concerning beard length violates his rights under the First Amendment and under the Religious Land Use and Institutionalized Persons Act (RLUIPA). ECF No. 1 at 7. As relief, Plaintiff requests that Defendant be required to "implement a grooming policy" which would allow Plaintiff "to grow a fist length beard, trim the moustache," and "keep his awrah" covered in the presence of other persons. ECF No. 1 at 8, 15.

Defendant filed a motion to dismiss for failure to exhaust administrative remedies. ECF No. 20. The pro se Plaintiff filed a response

in opposition to the motion, ECF No. 21, and the motion is ready for a ruling.

**Motion to Dismiss, ECF No. 20**

Defendant contends that because "Plaintiff takes issue" with Rule 33-602.101 of the Florida Administrative Code, this case should be dismissed because Plaintiff " never attempted to challenge the Rule via a 'Petition to initiate rulemaking' as allowed for in § 120.54(7), Fla. Stat." ECF No. 20 at 4. Defendant argues that § 120.54(7)(a) is an available remedy "to any person . . . wishing to challenge an Administrative Rule in Florida." *Id.* at 12. Defendant asserts that "if an administrative remedy is available, an inmate" must exhaust that remedy "prior to filing suit." *Id.* at 5 (citations omitted). Because Plaintiff did not file a Petition to Initiate Rulemaking regarding the Rule, Defendant seeks dismissal of this action. *Id.* at 12.

In response, Plaintiff asserts that he "is not seeking to alter or amend a rule pursuant to Fla. Sta. 120." ECF No. 21 at 2. He concedes that he never filed a Petition to Initiate Rulemaking, but states he did not do so because "he was not required to." *Id.* Rather, Plaintiff states that he seeks to enforce his rights and contends he satisfied the PLRA by filing grievances pursuant to the Department's grievance requirements. *Id.* at 3.

He declares that a Petition to Initiate Rulemaking "is not part of the exhaustion requirement for a Florida prisoner." *Id.* at 6. He advises that he "need only file a[n] informal grievance, formal grievance, and appeal to the Secretary." *Id.*

**Analysis**

In the usual exhaustion case under § 1997(e), prison officials argue that a prisoner did not exhaust administrative remedies because he did not proceed through each of the three grievance steps outlined in Rule 33-103. In this case, however, Defendant asserts that Plaintiff failed to exhaust administrative remedies because he did not file a Petition to Initiate Rulemaking pursuant to § 120.54(7), Fla. Stat." *Id.* at 6.

In enacting the Prison Litigation Reform Act (PLRA), Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). That exhaustion requirement is mandatory, <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1324-26 (11th Cir. 1998), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Yet an inmate is only required to exhaust administrative remedies that are "available." Ross v. Blake, 136 S. Ct. 1850, 1855, 195 L. Ed. 2d 117 (2016) (underscoring the PLRA's "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'").

Courts do not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander, 159 F.3d at 1323). Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007)[1].

---

[1] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion

A prisoner must also comply with the process set forth and established by the grievance procedures. Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements).

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." McKart v. United States, 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (quoted in Woodford, 548 U.S. at 88, 126 S. Ct. at 2384-85).

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."

---

is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

Woodford, 548 U.S. at 90, 126 S. Ct. at 2385 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

To determine "proper exhaustion" in prisoner civil rights actions, courts have looked to the requirements of the "prison grievance system." Woodford, 548 U.S. at 95, 126 S. Ct. at 2388 (stating "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."). Thus, a prisoner must comply with rules which "are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910, 922, 166 L. Ed. 2d 798 (2007). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" Jones, 549 U.S. at 218, 127 S. Ct. at 922-23.

An Inmate Orientation Handbook is given to all inmates upon entering the custody of the Florida Department of Corrections to help them "understand the general rules, procedures, requirements and routines" of prison life. The Handbook states:

> The Department has a grievance process available for you to resolve issues you may have. You are encouraged to make every effort to resolve your issue prior to filing a grievance. There are two types of grievances, informal and formal. Grievance types and procedures will be explained to you during

orientation and can be found in Rule 33-103, Florida Administrative Code.

Form N11-091 (Revised 11/5/14).[2] Pursuant to the Department's rules and procedures governing inmate grievances, inmates may file complaints regarding "[t]he substance, interpretation, and application of rules and procedures of the department that affect them personally." FLA. ADMIN. CODE R. 33-103.001(4)(a). Thus, the Department has provided an avenue for inmates to challenge or otherwise complain about departmental rules and Chapter 33-103 outlines that process.

Chapter 33-103 requires an inmate to file an informal grievance, formal grievance, and then an appeal to the Office of the Secretary. FLA. ADMIN. CODE R. 33-103.007(1). In limited circumstances not relevant here, an inmate may also file a "direct" grievance to the Secretary. FLA. ADMIN. CODE R. 103.1007(6). The Department's procedures specify the manner in which grievances must be filed, and provide time limits for doing so. *See* FLA. ADMIN. CODE R. 33-103.011. The Department's procedures concerning the three grievance steps suggest that after completing these steps, nothing further is required before initiating a lawsuit. *See* FLA.

---

[2] The Inmate Orientation Handbook is available on the Department of Corrections' website: www.dc.state.fl.us.

Case No. 4:16cv49-WS/CAS

ADMIN. CODE R. 33-103.011(4) (noting that expiration of time limits "at any step in the process shall entitle the complainant to proceed to the next step of the grievance process."). Indeed, Defendant appears to recognize as much in quoting Lyons v. Trinity Servs. Grp., Inc., 401 F.Supp. 2d 1290, 1295 (S.D. Fla. 2005)) (stating that a prisoner's "*administrative remedies are not exhausted until his grievance has finally been appealed to, and denied by, the Secretary of the Florida Department of Corrections.*"). ECF No. 20 at 6.

The Rule also provides that if an inmate "does not agree to an extension of time at the central office level of review, he shall be entitled to proceed with judicial remedies as he would have exhausted his administrative remedies." *Id.* That provision, again, suggests that an inmate has exhausted administrative remedies by completing the Department's three-step grievance process.

The Department's Rules do not include a specific requirement that an inmate must take additional steps to exhaust a grievance concerning a challenge to an Administrative Rule. Any such implied requirement is "so opaque that it becomes, practically speaking, incapable of use." Ross, 136 S. Ct. at 1859 (finding that an administrative remedy is "essentially

'unknowable'—so that no ordinary prisoner can make sense of what it demands—then it is also unavailable." 136 S. Ct. at 1859 (citing Goebert v. Lee Cnty., 510 F.3d 1312, 1323 (11th Cir. 2007); Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008). Filing a Petition to Initiate Rulemaking is not a step that the Department holds out to inmates as a requirement in the grievance process.

Nevertheless, Defendant contends that a challenge to an Administrative Rule is different. ECF No. 20 at 9. Defendant argues that the "normal grievance process alone . . . is insufficient to properly notice FDOC about an administrative regulation." *Id.* That argument is rejected because the Department's Rules specifically permit inmate grievances which concern "[t]he substance, interpretation, and application of rules and procedures of the department that affect them personally." FLA. ADMIN. CODE R. 33-103.001(4)(a).

Defendant also cites to Smith v. Conner, Case No. 8:12-cv-52, 2014 WL 299099 (M.D. Fla. Jan. 28, 2014), aff'd sub nom. Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027 (11th Cir. 2015), a case in which the Middle District of Florida agreed that the inmate was "attempting to alter a Department rule . . and therefore was required to initiate rulemaking under

120.54(7)." Smith, 2014 WL 299099, at *4, n.6. Judge Moody agreed with the Department's argument that because the prisoner was seeking to amend a rule regulating inmate property, "he was required to not only exhaust the prison grievance procedure, but also file a petition to initiate rulemaking under 120.54(7)." *Id.* Although the case was affirmed on appeal, the issue of exhaustion was not addressed in the decision of the Eleventh Circuit Court of Appeals which affirmed several other unrelated issues.[3] Moreover, this Court has previously disagreed with that conclusion, Torres v. Florida Dep't of Corr., No. 4:15-cv-464-RH-CAS, 2015 WL 9854803, at *2 (N.D. Fla. Dec. 30, 2015),[4] and similar to Torres, Plaintiff here argues he is "not seeking [to] alter or amend a rule." *See* ECF No. 21 at 2.

Although Florida's Administrative Procedure Act permits prisoners to have limited participation in rulemaking, *see* FLA. STAT. § 120.81(3)(a) and

---

[3] Smith challenged "the denial of his motions for a preliminary injunction, for class certification and appointment of counsel for the class action, and for sanctions; the partial denial of his motion to recover the costs related to service of process; and the award of costs to the officials." Smith, 597 F. App'x at 1029. The issue of exhaustion was not reviewed on appeal.

[4] United States District Judge Robert Hinkle adopted the Report and Recommendation entered in Torres on January 18, 2016. ECF No. 21 of case # 4:15-cv-464-RH-CAS.

§ 120.54(3)(c) or (7), prisoners are not afforded the ability to challenge the invalidity of a Rule under § 120.56. Chapter 120 specifically excludes inmates from much of Florida's Administrative Procedure Act. *See* Fla. Stat. § 120.81(3).[5] Accordingly, the procedures for challenging the validity of a rule are not "available" to Plaintiff. For many years . . .

> . . . prisoners have been forbidden to maintain challenges to administrative rules under section 120.56 and predecessor provisions. See § 120.81(3)(a), Fla. Stat. (1997). No intervening enactment suggests that the Legislature intended to authorize prisoners to use a petition for repeal of a rule, even if the petition also includes a proposed replacement for the existing rule, to obtain judicial review of the kind available when a party who is not a prisoner challenges an existing rule under section 120.56, Florida Statutes (1997).

---

[5] The statute provides:

(a) Notwithstanding s. 120.52(13), prisoners, as defined by s. 944.02, shall not be considered parties in any proceedings other than those under s. 120.54(3)(c) or (7), and may not seek judicial review under s. 120.68 of any other agency action. Prisoners are not eligible to seek an administrative determination of an agency statement under s. 120.56(4). Parolees shall not be considered parties for purposes of agency action or judicial review when the proceedings relate to the rescission or revocation of parole.
(b) Notwithstanding s. 120.54(3)(c), prisoners, as defined by s. 944.02, may be limited by the Department of Corrections to an opportunity to present evidence and argument on issues under consideration by submission of written statements concerning intended action on any department rule.
(c) Notwithstanding ss. 120.569 and 120.57, in a preliminary hearing for revocation of parole, no less than 7 days' notice of hearing shall be given.

Fla. Stat. § 120.81(3).

Case No. 4:16cv49-WS/CAS

Quigley v. Florida Dep't of Corr., 745 So. 2d 1029, 1030 (Fla. 1st DCA 1999);[6] see also Caldwell v. State, 821 So. 2d 374-75 (Fla. 1st DCA 2002) (affirming the denial of prisoner's petition to initiate rulemaking by the Department of Corrections "[b]ecause the Administrative Procedures Act does not apply" to prisoners and, thus, prisoner was "not entitled to appellate review of the department's denial of his petition.").

Under the PLRA, the basis for the exhaustion requirement, a prisoner is only required to exhaust "available" administrative remedies. 42 U.S.C. § 1997e(a). As a petition to initiate rulemaking cannot be used by a prisoner to challenge the constitutionality of an administrative rule under Florida law, the remedy is not "available" and Defendant's argument

---

[6] In Quigley, a prisoner "filed a petition to initiate rulemaking requesting that DOC repeal" an Administrate Code Rule. Quigley, 745 So. 2d at 1030. The petition was denied by the Department and a written statement of reasons provided. The prisoner sought to appeal the order denying his petition to initiate rulemaking. Id. The court held:

> Mr. Quigley's claim that Florida Administrative Code Rule 33-3.005(9)(a)2. is invalid, on grounds it violates the state and federal constitutions, does not entitle him to review of the merits of his contention here. Initial appellate judicial review of the validity of the reasons DOC sets out in a written statement of reasons for denying a petition is not available to prisoners under the Administrative Procedure Act. Their only avenue for judicial review is to seek declaratory or other relief in circuit court, as was done in *Bass v. Department of Corrections*, 684 So.2d 834 (Fla. 1st DCA 1996).

745 So. 2d at 1031.

Case No. 4:16cv49-WS/CAS

should be rejected.  The motion to dismiss, ECF No. 20, should be denied and Defendant required to submit an answer to Plaintiff's complaint.

**Recommendation**

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 20, be **DENIED**, that Defendant be required to file an answer to the complaint within ten (10) days of the date an Order is entered adopting this Report and Recommendation, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 2, 2016.

S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.