IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DURRELL SIMS,

    Plaintiff,

v.                                                        4:16cv49–WS/CAS

JULIE L. JONES, SECRETARY
FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.

_____

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the court is the magistrate judge's report and recommendation (doc. 25) docketed November 2, 2016. The magistrate judge recommends that the defendant's motion to dismiss be denied. The defendant has filed objections (doc. 26) to the report and recommendation.

The defendant seeks dismissal of the plaintiff's complaint based on his failure to exhaust all available administrative remedies. Specifically, the defendant contends that the case should be dismissed because the plaintiff failed to file a Petition to Initiate Rulemaking as permitted by § 120.54(7)(a) of Florida's

Administrative Procedures Act ("APA"). The Florida Department of Corrections ("FDC"), however, has not included a Petition to Initiate Rulemaking in its prison grievance process. As set forth in Chapter 33–103 of the Florida Administrative Code, FDC's prison grievance procedure consists of three steps. An inmate must first file "[a]n informal grievance to the designated staff." Fla. Admin. Code § 33–103.005(1)(a). The second step requires the inmate to file a formal grievance with the warden. *Id.* § 33–103.006(1)(a). If the inmate is unsuccessful at this point, he or she may appeal to the Office of the Secretary. *Id.* § 33–103.007(1). There is no mention of a Petition to Initiate Rulemaking in Chapter 33–103 (entitled "Inmate Grievances"). There is also nothing in the Inmate Orientation Handbook to suggest that FDC's inmate grievance process encompasses a Petition to Initiate Rulemaking. In fact, the Handbook advises inmates that FDC's grievance process "can be found in Rule 33–103, Florida Administrative Code."

Given the absence of any allegation that Florida inmates are informed that FDC's grievance process encompasses a Petition to Initiate Rulemaking as permitted by § 120.54(7)(a) of Florida's APA, the court agrees with the magistrate judge's conclusion, namely, the defendant's motion to dismiss for failure to exhaust must be denied.

Accordingly, it is ORDERED:

Page 3 of 3

1. The magistrate judge's report and recommendation (doc. 25) is ADOPTED and incorporated by reference into this order.

2. The defendant's motion to dismiss (doc. 20) is DENIED.

3. The case shall be returned to the magistrate judge for further proceedings.

DONE AND ORDERED this __17th__ day of __January__, 2017.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE