IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DURRELL SIMS,

    Plaintiff,

v.                                          4:16cv49–WS/CAS

JULIE L. JONES, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.

_____

## ORDER ADOPTING, IN PART, THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the magistrate judge's second report and recommendation (doc. 61) docketed March 1, 2018. The magistrate judge recommends that Defendant's motion for summary judgment (doc. 47) be granted in part and denied in part.[1] Specifically, the magistrate judge recommends that Defendant's motion be granted as to Plaintiff's First Amendment claims but otherwise denied. Defendant

---

[1] The magistrate judge also recommends that Plaintiff's motion (doc. 42) for summary judgment be granted. At this time, the court defers consideration of Plaintiff's motion for summary judgment and addresses only Defendant's motion.

has filed objections (doc. 62) to the report and recommendation. Plaintiff has filed no objections.

Defendant first argues that the magistrate judge incorrectly determined that Plaintiff exhausted his administrative remedies. Defendant contends that, as part of the exhaustion process, Plaintiff was required to file—and failed to file—a petition to initiate rulemaking, even though such a petition is not included as part of the prison's administrative procedure process. The magistrate judge—and this judge—rejected this same contention when raised by Defendant in an earlier-filed motion to dismiss. Both the magistrate judge—and this judge—reject that same contention now. Defendant's objections regarding the magistrate judge's failure-to-exhaust determination are accordingly overruled.

Defendant next argues that the magistrate judge erred in recommending denial of Defendant's summary judgment motion as to Plaintiff's claims under the Religious and Use and Institutionalized Persons Act of 1993 ("RLUIPA"). Plaintiff challenges two prison rules under the RLUIPA: (1) the grooming rule, which limits inmate's beards to one-half inch; and (2) the strip search rule, to the extent it prohibits Plaintiff from covering his "awrah" (area between navel and knees) after a strip search is conducted. The magistrate judge recommends denial of Defendant's motion for summary judgment as to Plaintiff's RLUIPA claims

because—the magistrate judge says—Defendant failed to meet her burdens in responding to such claims. Those burdens were explained by the Supreme Court in *Holt v. Hobbs*, 135 U.S. 853 (2017).

In *Holt*, the Supreme Court wrote:

> RLUIPA . . . requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person'—the particular claimant whose sincere exercise of religion is being substantially burdened. RLUIPA requires us to scrutinize the asserted harm of granting specific exemptions to particular religious claimants and to look to the marginal interest in enforcing the challenged government action in that particular context.

*Id.* at 863 (internal quotation marks and alterations omitted). The Court went on to explain that RLUIPA requires the government "not merely to explain why it denied the exemption but to prove that denying the exemption is the least restrictive means of furthering a compelling governmental interest." *Id.* The Court further stated:

> The least-restrictive-means standard is exceptionally demanding, and it requires the government to show that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party. Moreover, if a less restrictive means is available for the Government to achieve its goals, the Government must use it.

*Id.* (internal quotation marks, citations, and alterations omitted). *See also Smith v. Owens*, 848 F.3d 975, 979–80 (11th Cir. 2017). Here, as correctly determined by the magistrate judge, Defendant simply failed to do what *Holt* requires.

In her objections to the report and recommendation, in what is tantamount to an admission that she failed to do what *Holt* requires, Defendant includes a request—buried in two footnotes—that she now be given an opportunity to file a renewed motion for summary judgment "with information tailored more towards Plaintiff's claim or an evidentiary hearing with the opportunity to present testimony concerning the security risks of [Plaintiff's] particular concern[s]." Doc. 62, p. 19 nn. 7 & 8. While this court does not routinely grant parties a second "bite at the apple," the magistrate judge—upon return of the case to his chambers—is free to consider, in his discretion, Defendant's tardy request.

At this time, having reviewed the record in light of Defendant's objections, the court has determined that the magistrate judge's report and recommendation is due to be adopted as it relates to Defendant's motion for summary judgment.

Accordingly, it is ORDERED:

1. The magistrate judge's second report and recommendation (doc. 61) is ADOPTED IN PART and incorporated by reference into this order.

2. Defendant's motion (doc. 47) for summary judgment is GRANTED in part and DENIED in part. The motion is granted as to Plaintiff's First Amendment claims and denied as to Plaintiff's RLUIPA claims.

3. Ruling on Plaintiff's motion (doc. 42) for summary judgment is DEFERRED.

4. The clerk shall return the case to the magistrate judge for further proceedings.

DONE AND ORDERED this   29th   day of     March    , 2018.


s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE